# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

BARBARA ST. PIERRE and LYNN GUILLOTTE, on behalf of themselves and all others similarly situated,

          Plaintiffs,

v.

CVS PHARMACY, INC., MASSACHUSETTS CVS PHARMACY, L.L.C., MASSACHUSETTS CVS PHARMACY, INC., and CVS CAREMARK CORPORATION,

          Defendants.

C.A. No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants CVS Pharmacy, Inc., Massachusetts CVS Pharmacy, L.L.C., Massachusetts CVS Pharmacy, Inc., and CVS Caremark Corporation ("Defendants") hereby invoke this Court's jurisdiction under 28 U.S.C. § 1332(d), and state the following grounds for removal:

1. Plaintiffs instituted this action on or about November 4, 2013 in the Superior Court for Worcester County, Massachusetts, Civ. No. 13-2037B (hereinafter referred to as the "State Action"), naming as defendants CVS Pharmacy, Inc. and CVS Caremark Corporation.

2. Plaintiffs served Defendant CVS Pharmacy, Inc. with the State Action Summons and Complaint on November 18, 2013. True and correct copies of the served Summons and Complaint are attached as Exhibit A.

3. Plaintiffs filed their First Amended Complaint on November 21, 2013, adding Massachusetts CVS Pharmacy, L.L.C. and Massachusetts CVS Pharmacy, Inc. as Defendants. Plaintiffs served Defendant CVS Pharmacy, Inc. with the First Amended Complaint on

December 2, 2013. A true and correct copy of the Amended Complaint is attached as Exhibit B.

4. Defendants have not served any answer or responsive pleading to the Complaint or First Amended Complaint, nor have they made any appearance or argument before the State Court. This Notice has been filed with this Court within thirty (30) days of service of the Summons and Complaint in the State Action upon any Defendant.

5. This action is removed to this Court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

6. The Complaint and Amended Complaint are pleaded as a putative class action in which Plaintiffs seek to represent "[a]ll employees who worked for CVS as pharmacy technicians in Massachusetts at any time between November 4, 2007 and the date of final judgment." Am. Compl. ¶ 6.

7. Plaintiffs are citizens of the Commonwealth of Massachusetts within the meaning of 28 U.S.C. Section 1332(d). Am. Compl. ¶¶ 4-5.

8. Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island.[1] See Exhibit C hereto, Declaration of Melanie Luker, ¶ 3.

9. Plaintiffs have not alleged a specific amount in controversy in the Amended Complaint. Accordingly, to support removal, Defendants need only demonstrate a "reasonable probability" that the aggregate claims of the purported class are greater than $5 million, and this burden is "not an onerous one." Manson v. GMAC Mortgage, LLC, 602 F. Supp 2d 289, 293-94 and n.9 (D. Mass. 2009) (citing Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41 (1st Cir.

---

[1] The parties are sufficiently diverse for purposes of CAFA removal if "any member of a class of plaintiffs is a citizen of a State different from *any* defendant." 28 U.S.C. § 1332(d)(2)(A). Moreover, CVS Pharmacy, Inc. is the only proper defendant in this matter, as the other named defendants do not employ Plaintiffs or the other putative class members, and/or are otherwise improperly named. See Luker Decl. ¶¶ 3-6.

2009)). Plaintiffs' likelihood of success on the merits is not relevant. Rather, "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Id. Without admitting that Plaintiffs or the purported class could recover any damages, the amount in controversy in this action exceeds $5,000,000.00, exclusive of interest and costs, as established below.

10. Plaintiffs allege that CVS "requires its pharmacy technicians to participate in regular training sessions," that "[t]hose trainings are directly related to the pharmacy technicians' jobs and are not required by the state or federal government to maintain their certifications," and that "CVS does not pay regular wages or benefits for participation in those training sessions." Am. Compl. ¶ 2.

11. During the purported class period, Massachusetts pharmacy technicians were required by CVS to complete an average of approximately 56 hours of training per year related to their job. See Exhibit D hereto, Declaration of Susmita Chauhan, ¶ 3. None of this training is required by Massachusetts law for pharmacy technicians to maintain their certifications. See 247 Mass. Code Regs. 8.07. While national certification bodies for certified pharmacy technicians generally require continuing education to maintain national certifications, if applicable such continuing education would make up only a small percentage of these training hours.[2] Moreover, CVS does not require its pharmacy technicians to hold a national certification, and Plaintiffs have not even alleged that they or any other purported class members hold national certifications.

12. The average hourly rate of pay for a pharmacy technician during the purported class period was approximately $13.00 per hour. See Chauhan Decl., ¶ 4.

---

[2] See, e.g., http://www.ptcb.org/renew/continuing-education (stating that the Pharmacy Technician Certification Board requires 20 hours of continuing education every two years).

13. During the three years preceding the filing of the Complaint, there was an average of approximately 3,000 pharmacy technicians employed at CVS stores in Massachusetts at any particular time. See Chauhan Decl., ¶ 5.

14. The amount in controversy for the three-year period preceding the filing of the Complaint can be estimated by multiplying the average population of pharmacy technicians by the average hourly wage, and then by the average yearly hours of required training at issue.[3] This calculation ($13/hour * 3,000 pharmacy technicians * 56 hours * three years) results in an alleged shortfall in compensation of $6,552,000.00. Further, Plaintiffs seek that this award of damages be trebled under M.G.L. c. 149 § 150. After trebling, the amount in controversy for the three year period preceding the Complaint would be approximately $19,656,000.00.

15. Plaintiffs also bring a claim for breach of contract, presumably to seek single damages for an additional three-year period.[4] Am. Compl., Count III. For the additional three-year period (from November 2007-November 2010), there was an average of approximately 2,700 pharmacy technicians employed at CVS stores in Massachusetts at any particular time. Chauhan Decl. ¶ 6. If this longer limitations period were accepted by the Court, the amount in controversy for this extended period would be approximately $5,896,800.00 ($13/hour * 2,700 technicians * 56 hours * three years).

16. Thus, the total amount in controversy attributable to alleged damages for the full six-year purported class period would be approximately $25,552,800.00.

17. In addition, Plaintiffs seek attorney's fees for their claims brought pursuant to Massachusetts statutory law, which may be included in determining the amount in controversy for purposes of CAFA. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007)

---

[3] The limitations period for private actions under the Massachusetts Wage Act is three years. M.G.L. c. 149 § 150.
[4] The limitations period for a claim of breach of contract in Massachusetts is six years.

(attorney's fees are appropriately counted toward the amount in controversy in CAFA removal actions where the underlying statute provides for an award of attorney's fees). Courts have approved fees equaling up to one-third the amount of the class's award in similar cases. See, e.g., DiPonzio v. Bank of Am. Corp., 2011 U.S. Dist. LEXIS 74158, at *7 (W.D.N.Y. July 11, 2011) (finding that assuming attorneys' fees equal to 33% of potential damages is appropriate for calculation of the amount in controversy).

18. Thus, for the purposes of determining the amount in controversy, attorney's fees in this matter can be presumed to be as high as approximately $6,552,000.00, further increasing the amount in controversy to approximately $32,104,800.00.

19. Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. To the contrary, Defendants dispute both the viability of Plaintiffs' claims and their ability to recover any damages.

20. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

21. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

22. By copy of this document and in accordance with the Certificate of Service, the Defendants are providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that the above action now pending against it in Worcester County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

                                          Respectfully submitted,

                                          CVS PHARMACY, INC.,
MASSACHUSETTS CVS PHARMACY, L.L.C., MASSACHUSETTS CVS PHARMACY, INC., and CVS CAREMARK CORPORATION,

By their attorneys,

/s/ Jeffrey S. Brody
Jeffrey S. Brody (BBO# 556032)
Douglas J. Hoffman (BBO# 640472)
JACKSON LEWIS P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025; FAX: (617) 367-2155

Dated: December 18, 2013

## CERTIFICATE OF SERVICE

This hereby certifies that on this 18th day of December 2013, a true and accurate copy of the above document was filed with the Court via the ECF system, and served upon the attorneys listed below, via electronic mail and first-class mail, postage prepaid.

Philip J. Gordon
Kristen M. Hurley
GORDON LAW GROUP LLP
585 Boylston Street
Boston, Massachusetts 02116
(617) 536-1800

/s/ Douglas J. Hoffman
Jackson Lewis LLP

4839-2185-1159, v. 4