UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA ST. PIERRE AND LYNN GUILLOTTE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY INC., MASSACHUSETTS CVS PHARMACY LLC, MASSACHUSETTS CVS PHARMACY INC., AND CVS CAREMARK CORPORATION,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 4:13-CV-13202-TSH |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO CERTIFY CLASS**
(Docket No. 22)

**February 16, 2016**

Barbara St. Pierre and Lynn Guillotte (collectively, Plaintiffs) brought this putative class action against CVS Pharmacy, Inc., Massachusetts CVS Pharmacy, LLC, Massachusetts CVS Pharmacy, Inc., and CVS Caremark Corporation (collectively, Defendants or CVS), alleging that CVS failed to compensate them for their participation in required training sessions. St. Pierre is currently employed by CVS as a pharmacy technician; Guillotte was formerly employed in the same capacity. Plaintiffs now move to certify a class of pharmacy technicians employed by CVS in Massachusetts. For the reasons set forth below, Plaintiffs' motion (Docket No. 22) is ***denied***.

**Background**

CVS operates more than 300 stores throughout the Commonwealth of Massachusetts that sell prescription drugs and other assorted merchandise. St. Pierre has worked for CVS as a

1

pharmacy technician (PT), at a store located in Shrewsbury, Massachusetts, from approximately March 18, 2011 to the present. Guillotte worked continuously in the same capacity, in the same location, from approximately 1996 to May of 2013. Plaintiffs were paid on an hourly basis.

CVS requires PTs to participate in several different training formats. The only method at issue for the purposes of this motion is training conducted on CVS's "LearnNet" system, which is an online training platform.[1] PTs are encouraged to conduct LearnNet trainings in the store, while clocked in, but are also able to train at home. According to the affidavits of eight Store Manages and five Pharmacy Managers assigned to different CVS locations throughout the Commonwealth, it is CVS's policy that employees are to be paid for all time spent in training. When PTs complete online trainings while off the clock, they are responsible for self-reporting their hours. This can be accomplished through a written form, a handwritten note, or a verbal report to the Store Manager or Pharmacy Manager. The affiant managers do not allow unpaid training or any other off-the-clock work, and no PTs have complained to them of improper payment for training time.[2]

Plaintiffs allege in their complaint, in the most general of terms, that they have not been fully compensated for all of their training time. They assert that CVS "promised to compensate Plaintiffs for all hours worked," "required Plaintiffs to participate in training sessions on a regular basis," "regularly received reports indicating the hours worked by Plaintiffs to complete those trainings," and "did not compensate Plaintiffs for all of the time Plaintiffs worked." (Docket No. 1-1 at ¶¶ 17, 24, 26, 27.) Plaintiffs filed this putative class action in state court in November of

---

[1] Oral argument was the first time that counsel informed the court that only LearnNet training sessions are at issue. Plaintiffs' filings refer to several types of mandatory trainings, including LearnNet, but do not specify the category for which they were allegedly uncompensated.

[2] Two Store Managers noted that occasionally a PT will report that his or her paycheck did not include time spent in training. When that happens, it is usually due to a failure to self-report the time, and the problem is immediately corrected.

2013, alleging violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §150 (count I); violation of the Massachusetts minimum wage law, Mass. Gen. Laws ch. 151[3] (count II); and breach of contract (count III).  Defendants removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  In July of 2014, Plaintiffs filed the instant motion to certify the following class: "All employees who worked for CVS as pharmacy technicians in Massachusetts, at any time between November 4, 2007 and the date of final judgment." (Docket No. 23 at 2.)  After a protracted procedural path, the motion is now ripe for review.[4]

### Standard of Review

Rule 23(a) of the Federal Rules of Civil Procedure sets forth the following criteria for class certification:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

---

[3] Plaintiffs do not specify which section of chapter 151 is applicable.
[4] On July 1, 2014, Defendants moved to dismiss for lack of subject matter jurisdiction, on the ground that Plaintiffs' failure to respond to Defendants' offer of judgment mooted the entire action, including the putative class claims, divesting this Court of jurisdiction.  Defendants moved in the alternative to stay the proceedings pending the First Circuit's decision in *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46 (1st Cir. 2015) *cert. denied*, No. 15-659, 2016 WL 280914 (U.S. Jan. 25, 2016).  This Court denied the motion to dismiss but granted the motion to stay.  In August of 2015, the First Circuit issued its decision in *Bais Yaakov*, holding that "a rejected and withdrawn offer of settlement of the named plaintiff's individual claims in a putative class action made before the named plaintiff moved to certify a class did not divest the court of subject matter jurisdiction by mooting the named plaintiff's claims." *Id.* at 46.  This Court lifted the stay on October 5, 2015.

In addition to the elements set forth in Rule 23(a), a putative class-action plaintiff must also satisfy the requirements of Rule 23(b).  In this case, Plaintiffs have elected to proceed under subsection (3) of Rule 23(b), which is satisfied if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The putative class action plaintiff bears the burden of satisfying Rule 23, which "does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011).  The plaintiff must "affirmatively demonstrate" her compliance with the rule. *Id*.  In order to achieve class certification, she must "'be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact,' typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Dukes*, 131 S. Ct. at 2551) (emphasis in original).  She "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.*

It is the court's responsibility to engage in a "rigorous analysis," which may involve "prob[ing] behind the pleadings" in order to decide whether certification is appropriate. *Dukes*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 161 (1982)). "Such an analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim' . . . because the 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Behrend*, 133 S. Ct. at 1432 (quoting *Dukes*, 131 S. Ct. at 2551)) (citation omitted).

**Discussion**

The second element of Rule 23(a), commonality, is dispositive in this case. Rule 23(a)(2) requires that "there are questions of law or fact common to the class." The plaintiff must "demonstrate that the class members 'have suffered the same injury,' . . . not . . . merely that they have all suffered a violation of the same provision of law." *Dukes*, 131 S. Ct. at 2551 (quoting *Falcon,* 457 U.S. at 157). The Supreme Court has explained:

> What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). The class members' "claims must depend upon a common contention," which "must be of such a nature that it is capable of classwide resolution"; meaning "that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Here, Plaintiffs complain that they have not been fully compensated for their time spent on LearnNet. However, beyond the generic language in their complaint, Plaintiffs have manifestly failed to demonstrate commonality under the requirements of Rule 23(a)(2). Although Plaintiffs claim that Defendants' violations were systemic and based on a "single company practice" of "failing to pay proper wages to their technicians," (Docket No. 23 at 11, 12), they have submitted nothing beyond conclusory allegations to illustrate this purported policy.[5] Similarly, Plaintiffs

---

[5] Plaintiffs submitted affidavits from four Pharmacists who were or are employed by CVS in New York. These Pharmacists indicate that PTs in their stores are not always properly compensated for training time. Because Plaintiffs' proposed class is limited to PTs employed by CVS in Massachusetts, I consider these affidavits to be wholly irrelevant to the instant motion.

assert that the "question of Defendants' failing to pay Class Members in full for all wages due for training time[] applies equally to every pharmacy technician employed by Defendants during the proposed class period," (Docket No. 23 at 11); yet, they have not alleged a single specific instance of any PT being denied payment for training. Regarding their own claims of non-payment, Plaintiffs have submitted personal affidavits that assert only generally that they were not paid in full for all required trainings.[6] They do not specify when this non-payment occurred, how often it happened, what types of trainings were involved, or whether they reported the unpaid hours to their managers. Quite simply, they have not set forth any facts upon which the court can rely.

    Plaintiffs complain also that Defendants have refused to provide certain requested discovery materials, which would have revealed the details of the alleged class-wide wage violations had they been provided. These requested materials included computer-based training records and payroll information for all PTs in Massachusetts. CVS objected, claiming that the requests were overbroad, overly burdensome, and outside the scope of class-certification discovery. Plaintiffs did not move to compel or limit their request; nor was the matter brought to this Court's attention during the most recent status conference, at which this Court and the parties established a post-stay discovery schedule for the instant motion. Plaintiffs now ask this Court for a presumption, based on CVS's nondisclosure of these discovery materials, that Defendants maintain a statewide policy of failing to pay PTs for training time. Besides being a legal non sequitur, this request is starkly at odds with Plaintiffs' burden of demonstrating the requirements of class certification.

---

[6] Guillotte's affidavit states: "CVS failed to pay me for all the time I spent participating in their required training." (Docket No. 23-4 at 1.)  St. Pierre's similarly states: "CVS has failed to pay me in full for all of the time I have spent participating in their required training, and that practice continues to the present." (Docket No. 23-4 at 2.)

During oral argument, when pressed about the lack of evidence of non-payment, Plaintiffs' counsel referred to certain exhibits, attached to an affidavit of the Senior Director of Training and Development for CVS Pharmacy, Inc., as evidence of unpaid training time.[7] The exhibits consist of: (1) records of LearnNet training courses completed by each of the named Plaintiffs with the estimated times required to complete each course; (2) records of dates and times of assessments taken by each named Plaintiff upon completion of certain LearnNet modules that required assessments; and (3) weekly time card reports showing clock-in and clock-out times for the days in which each named Plaintiff completed an assessment. Plaintiffs argued that these records show off-the-clock training work, which equates to unpaid time.[8] Contrary to Plaintiffs' contentions, however, cross-referencing clock-in and clock-out records with assessment completion times does not establish whether Plaintiffs were paid for their trainings. Pursuant to CVS's policy, PTs sometimes complete trainings while they are not clocked in, and they must self-report these hours to their managers in order to be paid. Plaintiffs have not identified any off-the-clock trainings for which they submitted a claim for payment and were not paid. Moreover, even assuming arguendo that these records could be used to show that the named Plaintiffs were not paid for all of their training time, the exhibits make no showing of any statewide practice.

Although all PTs in Massachusetts may share an interest in the "common question" upon which Plaintiffs rely—did CVS properly compensate PTs for training time?—Plaintiffs have not produced any facts that show that the answer to this question is amenable to class-wide resolution. The well-established "rigorous analysis" required for class certification requires Plaintiffs to demonstrate the nature of their alleged injury and to show that other members of the class suffered

---

[7] The affidavit and exhibits were submitted by CVS in July of 2014 alongside a reply to Plaintiffs' response to CVS's motion to dismiss. (Docket No. 26.)

[8] This argument was also raised for the first time at oral argument.

the same harm. *See Dukes*, 131 S. Ct. at 2551. Vague, unsupported allegations do not accomplish this goal. Accordingly, I find that Plaintiffs have not adequately demonstrated the commonality requirement set forth in Rule 23(a)(2). Because each component of Rule 23 is mandatory for class certification, I need not address the remaining elements.

## Conclusion

For the reasons stated above, Plaintiffs' motion to certify class (Docket No. 22) is ***denied***.

**SO ORDERED.**

> */s/ Timothy S. Hillman*
> **TIMOTHY S. HILLMAN**
> **DISTRICT JUDGE**