# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| BARBARA ST. PIERRE and LYNN GUILLOTTE, on behalf of themselves and all others similarly situated, |
| Plaintiffs, |
| v. |
| CVS PHARMACY, INC., MASSACHUSETTS CVS PHARMACY, L.L.C., MASSACHUSETTS CVS PHARMACY, INC., and CVS CAREMARK CORPORATION, |
| Defendants. |

C.A. No. 4:13-cv-13202

## JOINT PRETRIAL MEMORANDUM

Pursuant to this Court's Procedural Order Re: Final Pretrial Conference, dated September 2, 2016, Plaintiffs Barbara St. Pierre and Lynn Guillotte ("Plaintiffs"), and Defendants CVS Pharmacy, Inc., Massachusetts CVS Pharmacy, LLC, Massachusetts CVS Pharmacy, Inc., and CVS Caremark Corporation ("CVS" or "Defendants") respectfully submit this Joint Pretrial Memorandum in preparation for the final pretrial conference that is scheduled for October 14, 2016.

## I. CONCISE SUMMARY OF ANTICIPATED EVIDENCE

### A. Statement by Plaintiffs regarding liability and damages

Barbara St. Pierre and Lynn Guillotte worked as pharmacy technicians at CVS and allege that CVS violated the Massachusetts Wage Act, G.L. c.149, and the Massachusetts Minimum Wage Statute, G.L. c.151, by failing to pay them wages which were due and owing for time spent participating in mandatory training.

Plaintiffs were employed by the Defendants in Defendants' Shrewsbury, Massachusetts store.  Plaintiffs were non-exempt employees who were paid on an hourly basis throughout their employment with Defendants.

During their employment with Defendants, Plaintiffs were required to participate in training sessions, directly related to their jobs, on a regular basis.  Defendants did not compensate Plaintiffs for all of the time they worked during these mandatory training sessions. Defendants received regular reports indicating the hours worked by Plaintiffs to complete these trainings, and despite these reports, Defendants continued in their failure to pay Plaintiffs the wages due to them under the law.

As such, Defendants are liable under the Massachusetts Wage Act, G.L. c.149, and the Massachusetts Minimum Wage Statute, G.L. c.151, for failure to pay wages to Plaintiffs for all of their working hours.

**B.  Statement by Defendants regarding liability and damages**

The two Plaintiffs, Barbara St. Pierre and Lynn Guillotte ("Plaintiffs") allege that they were not paid for time spent completing mandatory online training modules through CVS's LEARNet training interface, when that training was performed outside of the store.

Plaintiffs were Pharmacy Technicians ("PTs") who worked at the CVS-branded store in Shrewsbury, Massachusetts. They were employed by CVS Pharmacy, Inc. As PTs, Plaintiffs were required to complete certain mandatory training modules, some of which were completed online through the company's LEARNet system.

During Plaintiffs' employment, they were aware of the following CVS policies: (1) Plaintiffs were to receive all compensation to which they are entitled; (2) Plaintiffs were to record hours worked each day, and report all time worked; (3) Plaintiffs were prohibited from

working off-the-clock; (4) it was a violation of CVS policy for anyone to instruct or encourage Plaintiffs to work off-the-clock; (5) if ordered to work off the clock, Plaintiffs were to report it to an HR manager or the company ethics hotline; (6) working off the clock, or requiring a subordinate to do so, is subject to discipline including termination; (7) Plaintiffs were to review each paycheck and paystub when received to make sure it was accurate, and sign their time card if it was accurate; (8) Plaintiffs were to report any errors to his/her supervisor, human resources manager, or the employee support line, and CVS would promptly make any corrections; (9) mandatory training is considered work and would be paid, even if completing training during normal work hours is not possible.

Plaintiffs were encouraged to complete their LEARNet training in their store, during work hours, while clocked in. Plaintiffs often completed their training modules in the store while clocked in. However, they also had the option of completing this training outside the store on a home computer. In these cases, they were told to inform their superiors of any time spent working outside the store, and that they would be paid for this time. They could report this time with a form, a handwritten note, or verbally to a pharmacy manager, shift supervisor, or store manager.

To the extent that Plaintiffs completed any training modules outside of the store and outside of their normal work hours, they did not report this time to CVS, and CVS did not otherwise have actual or constructive knowledge of this work. Therefore, CVS is not liable to pay Plaintiffs for this time.

## II.   PLAINTIFFS' PROPOSED STATEMENT OF FACTS ESTABLISHED BY THE PLEADINGS

1.      CVS is a retail pharmacy chain that sells prescription drugs and general merchandise at over 300 store locations across Massachusetts.

2.      Plaintiffs Barbara St. Pierre and Lynn Guillotte worked at the Shrewsbury Massachusetts CVS store (#0008), located at 197 Boston Turnpike, Route 9 Shrewsbury, Massachusetts 01545.

3.      Plaintiff Barbara St. Pierre has worked continuously for a CVS branded store as a pharmacy technician from approximately March 18, 2011 to November 2015.

4.      Plaintiff Lynn Guillotte worked continuously for a CVS branded store as a pharmacy technician from approximately 1996 to May 2013.

5.      CVS is in the business of selling prescription drugs through in-store pharmacies and also sells other general merchandise.

6.      The Plaintiffs were paid on an hourly basis during their employment at CVS branded stores.

7.      CVS did not expect Plaintiffs to perform any work for CVS gratuitously.

8.      CVS understood that it was required to comply with any relevant state and federal wage and hour laws.

9.      CVS scheduled Plaintiffs' regular work hours.

10.     Pharmacy technicians undergo training related to their jobs and some or all of this training is not required to maintain a certification.

11.     Defendants also provide the number of hours CVS requires its pharmacy technicians to undergo on average each year.

12.     Mandatory training includes training modules on the Company's LEARNet system.

13.     The Plaintiffs have been authorized by the Office of the Massachusetts Attorney General to pursue their claims through a private lawsuit in this Court.

### III.   CVS'S PROPOSED STATEMENT OF FACTS ESTABLISHED BY PLEADINGS, BY ADMISSIONS, OR BY STIPULATIONS.

1.      Plaintiff St. Pierre worked at the CVS-branded store located in Shrewsbury, Massachusetts as a Pharmacy Technician from April 2011 to July 2015.

2.      Plaintiff St. Pierre worked at the CVS-branded store located in Acton, Massachusetts as a Pharmacy Technician from July 2015 to November 2015.

3.      Plaintiff Lynn Guillotte worked at the CVS-branded store in Shrewsbury Massachusetts as a Pharmacy Technician from July 2001 to March 2013.

4.      Plaintiffs were hourly employees.

5.      Plaintiff St. Pierre's hourly rate of pay was $12.00 per hour from her date of hire through August 6, 2011. (CVS000088)

6.      Plaintiff St. Pierre's hourly rate of pay was $12.24 per hour from August 7, 2011 through March 17, 2012. (CVS000088)

7.      Plaintiff St. Pierre's hourly rate of pay was $12.48 per hour from March 18, 2012 through May 25, 2013. (CVS000088)

8.      Plaintiff St. Pierre's hourly rate of pay was $12.73 per hour from May 26, 2013 through her last day of employment with CVS. (CVS000088)

9.      Plaintiff Guillotte's hourly rate of pay was $16.35 per hour from March 4, 2007 to March 8, 2008 (CVS000418)

10.      Plaintiff Guillotte's hourly rate of pay was $17.10 per hour from March 9, 2008 to February 28, 2009 (CVS000418)

11.      Plaintiff Guillotte's hourly rate of pay was $17.44 per hour from March 1, 2009 to March 6, 2010 (CVS000418)

12.     Plaintiff Guillotte's hourly rate of pay was $18.00 per hour from March 7, 2010 until April 30, 2011. (CVS000418)

13.     Plaintiff Guillotte's hourly rate of pay was $18.45 per hour from July 15, 2011 through her last day of employment with CVS. (CVS000418)

14.     Plaintiff St. Pierre was paid for all training modules during her initial training period, which lasted from March through June 2011. (St. Pierre Dep. Tr. p. 56)

15.     Plaintiffs St. Pierre and Guillotte were paid for any LEARNet training modules completed inside a CVS store while clocked in. (St. Pierre Dep. Tr. pp. 86-87; Guillotte Dep. Tr. pp. 48-49)

16.     Plaintiff St. Pierre was paid for all training modules she completed after she transferred to the Acton, Massachusetts CVS store. (St. Pierre Dep. Tr. P. 101)

IV.     **CONTESTED ISSUES OF FACT**

**Plaintiffs:**

1.  What, if any, training time were Plaintiffs compensated for during their employment with Defendants?

**Defendants:**

All other factual issues not subject to stipulation or otherwise established by the pleadings are contested.

IV.     **JURISDICTIONAL QUESTIONS**

There currently are no jurisdictional questions.

V.      **PENDING MOTIONS**

There currently are no pending motions.

## VI.   ISSUES OF LAW

### A.  Plaintiff's Statement of Issues of Law with Supporting Authorities

*Issue:*  Whether Defendants violated Massachusetts General Laws c. 149 and 151 by failing to compensate Plaintiffs for all of their working hours.

*Supporting Authorities:*  The Massachusetts Wage Act, G.L. c. 149, § 148, provides that:

> "Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned … and any employee discharged from such employment shall be paid in full on the day of his discharge… and provided, further, that employees engaged in a bona fide executive, administrative or professional capacity… may be paid bi-weekly or semi-monthly unless such employee elects at his own option to be paid ."

The Massachusetts Minimum Wage Statute, G.L. c. 151, § 10, provides that:

> "After the commissioner has established a fair wage in any occupation in accordance with sections seven and nine, it shall be unlawful for any employer in such occupation to employ persons for less than such rate of wages."

Thus, to make a claim under the Massachusetts Wage Act, Plaintiffs must prove that (1) they were employees under the statute; (2) they are owed wages; and (3) Defendants violated the Wage Act by not paying them their wages in a timely manner.

Likewise, to make a claim under the Massachusetts Minimum Wage Statute, Plaintiffs must prove that (1) they were employees under the statute; and (2) they received less than the fair wage rate established by the commissioner for their working time.

In the case at bar, Plaintiffs have alleged that they did not receive compensation for all of their working time, because they were not properly compensated for all of their training time. Because they received no compensation for that training time, Plaintiffs have alleged that Defendants have violated both the Massachusetts Wage Act and the Massachusetts Minimum Wage Statute.

The Code of Massachusetts Regulations, provides that working time "includes all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work."  454 CMR 27.02

As such, any training that occurred before or after the end of a pharmacy technician's normal shift is working time for which that pharmacy technician should be compensated.  The Code of Federal Regulations provides similarly that, "[a]ttendance at lectures, meetings, training programs and similar activities need not be counted as working time if the following four criteria are met: (a) attendance is outside of the employee's regular working hours; (b) attendance is in fact voluntary; (c) the course, lecture, or meeting is not directly related to the employee's job; and (d) the employee does not perform any productive work during such attendance."  29 CFR 785.27.  "The training is directly related to the employee's job if it is designed to make the employee handle his job more effectively as distinguished from training him for another job, or to a new or additional skill."  29 CFR 785.29.  Indeed, "[j]ob-related trainings generally are compensable under the FLSA." *Herman v. Hogar Praderas de Amor, Inc.*, 130 F. Supp. 2d 257, 265-266 (D.P.R. 2001); *Moreau v. Klevenhagen*, 956 F.2d 516, 521 (5th Cir. 1992), *aff'd*, 508 U.S. 22 (1993).

Accordingly, if Plaintiffs participated in job related trainings directly related to their jobs before or after their shifts for which they did not receive compensation, Defendants have violated the Massachusetts Wage Act.

**B.  Defendants' Statement of Issues of Law with Supporting Authorities**

*Issue:* Whether CVS had actual or constructive knowledge of any LEARNet training completed remotely by Plaintiffs.

***Supporting Authorities:*** Liability for off-the-clock work will apply only if CVS had actual or constructive notice that training was completed while off the clock. The notice inquiry requires an assessment of all relevant circumstances, including whether the employee failed to use prescribed timekeeping procedures. *Vitali v. Reit Management & Research, LLC*, 88 Mass. App. Ct. 99, 103-4 (2015). In the context of work done off-site, there is a "premium" on "employee compliance with whatever reporting systems are in place" because a supervisor has little basis for knowing how many hours an employee has worked except to the extent the employee reports them. *Id.*, at 106 n. 11.

Three Circuit Courts of Appeal have held that employers are not required to routinely review internal electronic data for payroll purposes to determine whether employees are working off the clock remotely. Accordingly, the presence of data showing a remote login to CVS's systems is insufficient, standing alone, to put an employer on actual or constructive notice that compensable work was performed. *See Fairchild v. All Am. Check Cashing, Inc*., 815 F.3d 959, 965 (5th Cir. 2016) (computer usage reports were insufficient by themselves to put an employer on constructive notice that an employee was working off the clock); *Green v. Federal Express Corporation*, 614 Fed. Appx. 905, 908 (9th Cir. 2015) (electronic records reflecting scans of packages was not sufficient to put employer on notice of off-the-clock work); *Hertz v. Woodbury County*, 566 F.3d 775, 781-82, 84 (8th Cir. 2009) (employer was not required to review its electronic data for payroll purposes to determine whether employees working remotely were working off the clock).

***Issue:*** The scope of the trial.

*Authority:* Plaintiffs' motion for class certification was denied in an Order dated February 16, 2016. Plaintiffs did not seek an appeal of this Order pursuant to Fed. R. Civ. P. 23(f). Accordingly, this trial will address only the claims of the two Plaintiffs named in the caption of the Amended Complaint. CVS will move to exclude any evidence that is unrelated to the individual claims of these two individuals.

*Issue:* Whether Plaintiffs are entitled to recover attorneys' fees if they prevail on liability but are awarded damages less than the amounts of the Rule 68 Offers of Judgment which Plaintiffs rejected in this matter, and if so the amount of those fees (or whether those fees must be cut off at the point at which the Offer of Judgment was rejected).

*Authority*: *See* Fed. R. Civ. P. 68; *King v. Rivas,* 555 F.3d 14, 20 (1st Cir. 2009).

## VII.   REQUESTED AMENDMENTS TO THE PLEADINGS

There currently are no requested amendments to the pleadings.

## VIII.   ADDITIONAL MATTERS

There currently are no additional matters to aid in the disposition of the action.

## IX.   LENGTH OF TRIAL AND WHETHER JURY OR NONJURY

The probable length of the trial will be five (5) days.  This is a nonjury trial.

## X.   WITNESSES

### A.   Plaintiff's List of Witnesses

1.   Barbara St. Pierre.  Ms. Pierre is a Plaintiff in this action.  She is a fact witness.  Her testimony will establish, among other things, the relationship between the parties, the elements of her complaint, and the damages she suffered on account of Defendants' actions.

2.   Lynn Guillotte.  Ms. Guillotte is a Plaintiff in this action.  She is a fact witness.  Her testimony will establish, among other things, the relationship between the parties, the elements of her complaint, and the damages she suffered on account of Defendants' actions.

3.   Christopher Moses.  Former Pharmacy Manager at Shrewsbury, MA #0008.  Likely still at Shrewsbury, MACVS #0008.  Would testify to all pharmacy emails,

schedules, total pharmacy technician hours used, mandatory training modules assigned, and hours/pay authorized by him.  Work: 508-752-0439.  Home email:  cmoses324@gmail.com.

          4.      Nina McCorkle.  Pharmacy Technician, CVS store in Shrewsbury, Work: 508-752-0439.  Home email:  jwswis13@yahoo.com.

          5.      Betsy Ingram.  Former Pharmacy Manager at Shrewsbury, MA #0008.  Currently working at Wegman's in Northboro, MA

          6.      Paul Lenz.  Former Pharmacy Manager at Shrewsbury, MA #0008.

          7.      Joanne L. Borden.  30(b)(6) designee of Defendants.

          8.      Michael Belisle.  30(b)(6) designee of Defendants.

          9.      Diane Picard.  30(b)(6) designee of Defendants.

          10.    Plaintiffs reserve the right to call any witness listed by Defendants.

          11.    Plaintiffs reserve the right to call anyone required for the purposes of impeachment.

          12.    Plaintiffs reserve the right to call a witness not listed above who is necessary to testify to the admissibility and authentication of evidence.

**B.**     **Defendants' List of Witnesses**

Defendant may call the following witnesses, each of whom is a fact witness:

          1.      Barbara St. Pierre (live and/or through deposition testimony)

          2.      Lynn Guillotte (live and/or through deposition testimony)

          3.      Joanne Borden

          4.      Lyn Henderson

          5.      Randy Pacquin

          6.      Michael Belisle

          7.      Terry Shea-Gehlert

          8.      Christopher Moses

CVS also reserves the right to call any witness listed in Plaintiffs' Witness List, regardless of whether the witness is actually called by Plaintiffs at trial.  Defendants also reserve the right to call any other witness who will be used solely for impeachment purposes. CVS reserves the right to use deposition testimony at trial for any and all purposes, including impeachment and rebuttal. Defendant reserves the right to call a witness not listed above who is necessary to testify to the admissibility and authentication of evidence.

## XI.   PROPOSED EXHIBITS

### A.   Plaintiffs' List of Proposed Exhibits

| Ex. | Description | Bates No. |
|---|---|---|
| 1 | St. Pierre Time Card Report | CVS000138-000270; CVS000800-000983 |
| 2 | St. Pierre Fulfillment Check Register | CVS000271-000282 |
| 3 | St. Pierre Training Courses Summary | CVS000283-000295 |
| 4 | Guillotte Time Card Report | CVS000579-000648; CVS000719-000797 |
| 5 | Guillotte Fulfillment Check Register | CVS000649-000684 |
| 6 | Guillotte Training Courses Summary | CVS000685-000692 |
| 7 | Communications regarding training | ST. PIERRE 001-017; ST. PIERRE 031-042 |
| 8 | CVS Policy on Timekeeping and Payroll Practices | CVS000988-989 |
| 9 | Private Right of Action Letter from Attorney General | |

### B.   Defendants' List of Proposed Exhibits

| Ex. | Description | Bates No. |
|---|---|---|
| 1 | Ms. St. Pierre's Personnel File | CVS000001-137 |
| 2 | Ms. St. Pierre's Time Card Reports and Payroll Slips | CVS000138-270; CVS000800-983 |

| | | |
|---|---|---|
| **3** | Ms. St. Pierre's Fulfillment Check Register | CVS000271-282 |
| **4** | Ms. St. Pierre Assessment Records | CVS000283-286 |
| **5** | Ms. St. Pierre Login Records | CVS000287-291 |
| **6** | Ms. St. Pierre List of Training Courses | CVS000292-295 |
| **7** | Ms. Guillotte's Personnel File | CVS000296-578 |
| **8** | Ms. Guillotte's Time Card Reports | CVS000579-648; CVS000719-797 |
| **9** | Ms. Guillotte's Fulfillment Check Register | CVS000649-684 |
| **10** | Ms. Guillotte's Assessment Records | CVS000685-686 |
| **11** | Ms. Guillotte's Login Records | CVS000687-688 |
| **12** | Ms. Guillotte's List of Training Courses | CVS000689-692 |
| **13** | Payroll Slip for Pharmacy Courses | CVS000693 |
| **14** | St. Pierre Payroll Slips | CVS000798-799 |
| | | |
| **15** | CVS Policy on Timekeeping and Payroll Practices | CVS000988-989 |
| **16** | Excerpts of CVS Employee Handbooks | CVS000990-1054 |
| **17** | Recording Hours Worked for Non-exempt Colleagues | CVS001055-1103 |

Defendants also reserve the right to introduce Documents previously filed with the Court in this matter, the parties' written discovery responses, and the parties' Rule 26(a)(1) disclosures. CVS also reserves the right to offer at trial as an exhibit any document listed by Plaintiffs in Plaintiffs' Exhibit List or Initial Disclosures, regardless of whether the exhibit is actually offered by Plaintiffs at trial. CVS reserves the right to offer summaries of exhibits or enlargements of exhibits at trial. CVS also reserves the right to offer at trial as an exhibit any documents used solely for impeachment purposes.

Respectfully submitted,

| | |
|---|---|
| BARBARA ST.PIERRE and LYNN GUILLOTTE, | CVS PHARMACY, INC., MASSACHUSETTS CVS PHARMACY, L.L.C., MASSACHUSETTS CVS PHARMACY, INC., and CVS CAREMARK CORPORATION |
| By their attorneys, | By their attorneys, |
| /s/ Philip J. Gordon | /s/ Douglas J. Hoffman |
| Philip J. Gordon (BBO # 630989) | Jeffrey S. Brody (BBO# 556032) |
| Kristen M. Hurley (BBO # 658237) | Douglas J. Hoffman (BBO# 640472) |
| GORDON LAW GROUP LLP | Jonathan Shank (BBO# 672414) |
| 585 Boylston Street | JACKSON LEWIS P.C. |
| Boston, Massachusetts 02116 | 75 Park Plaza |
| (617) 536-1800 | Boston, Massachusetts 02116 |
| pgordon@gordonllp.com | (617) 367-0025 |
| khurley@gordonllp.com | brodyj@jacksonlewis.com |
| | hoffmand@jacksonlewis.com |
| | jonathan.shank@jacksonlewis.com |

Dated:  October 7, 2016

## CERTIFICATE OF SERVICE

This hereby certifies that on this 7th day of October 2015, a true and accurate copy of the above document was filed with the Court and served upon the attorneys listed below, via the Court's ECF system.

> Philip J. Gordon
> Kristen M. Hurley
> GORDON LAW GROUP LLP
> 585 Boylston Street
> Boston, Massachusetts 02116
> (617) 536-1800

> /s/ Douglas J. Hoffman
> Jackson Lewis P.C.

4820-8979-5386, v. 2